No. 10,838.

COLLINS v. JENKINS-McKAY HARDWARE CO.

Decided January 7, 1924.

Action to recover price of goods sold and delivered. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Harmless Error.* The admission of irrelevant
    evidence, which does not substantially affect the rights of the
    complaining party, does not constitute reversible error.

2.  EVIDENCE—*Complaint—Statement of Account.* Pleading of defend-
    ant in another action, and a statement of account, held admis-
    sible in evidence in an action which is as much one for the
    price of goods sold and delivered, as one on account stated.

*Error to the District Court of the City and County of
Denver, Hon. Clarence J. Morley, Judge.*

Messrs. PONSFORD, CARNINE & PENDER, Mr. GEORGE R.
LARWILL, for plaintiff in error.

Mr. V. H. MILLER, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover the price of goods sold and
delivered. The complaint alleges, in substance, that in 1918
and 1919 the defendant purchased of plaintiff certain min-
ing materials and supplies, in the aggregate sum of
$2,289.89, on which defendant paid $865.81, leaving a bal-
ance due of $1,424.08. Then is added the allegation "that
said account became a stated account on or about August 1,
1919." There was a judgment for plaintiff for the amount
sued for. The defendant brings the cause here for review,
and the same is before us on his application for a super-
sedeas.

The first error assigned is the admission in evidence of
a pleading in another action, the same being a complaint in
which the present defendant and others were plaintiffs.
The defendant was given full opportunity, at this trial, to
explain the circumstances attending the filing of that com-
plaint. The complaint tended to show that defendant oper-
ated the mines, for which plaintiff furnished materials, on
his own behalf, and not as agent for any corporation or
any one else. It is claimed that it was error to admit this
evidence, because, as defendant says, the complaint is one
on an account stated, and that it is, therefore, irrelevant
to go back into an investigation of the subject-matter and

origin of the indebtedness. If the evidence was in fact irrelevant, its admission did not substantially affect the rights of defendant, and the error was harmless. The complaint, however, appears to be as much one for goods sold and delivered as one on an account stated. That situation rendered the evidence admissible. If two causes of action are intermingled in the complaint, there was never any objection to it.

Error is assigned to the admission in evidence of an itemized statement. This was objected to on the ground that it does not show any agreement between the parties so as to bring about an account stated. For reasons heretofore stated, the evidence was not prejudicial, or else competent under the complaint when treated as one for goods sold and delivered.

There is no reversible error in the record. The application for a supersedeas is denied, and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.